32244. MANUFACTURERS TRUST COMPANY *v.*
WILBY-KINSEY SERVICE CORP.

GARDNER, J. This is a garnishment proceeding wherein the garnishee answered indebtedness, and further answered that the defendant in fi. fa. was a non-resident of the State of Georgia and that the wages earned by the defendant were for services performed wholly without the State of Georgia. This answer was traversed by the plaintiff in fi. fa. After evidence was introduced, the trial court directed a verdict in favor of the garnishee. The plaintiff in fi. fa. excepted to the verdict and judgment. The sole question to be determined is whether the compensation of the defendant in fi. fa. was subject to the garnishment under the Code, § 8-502, which provides: "When a suit is brought by attachment against a non-resident of the State and the attachment is levied by service of summons of garnishment, the situs of any debt due by the garnishee to the defendant shall be at the residence of the garnishee in this State, and any sum due to the defendant in attachment shall be subject to said attachment: Provided, that the writ of attachment shall not be used to subject wages of persons who reside out of the State, and which have been earned wholly without the State." The evidence pertinent to the question here is substantially that the defendant in fi. fa. never lived in Georgia but was a citizen of Charlotte, North Carolina. It further shows that the defendant was called a traveling auditor whose duties consisted of auditing theaters as to cash. He did not keep any books; he was not a cashier; he did count the intake money of the theaters and checked that money against the sales of tickets and popcorn and candy; he also took the stock of tickets and took an inventory of tickets on hand; he also checked the stock of candy and popcorn and popcorn boxes and bags on hand so that he might verify the correctness of concession

reports which were submitted by the theaters reporting sales. The candy and popcorn were kept in quantities. He checked the inventory furnished him by the office. The defendant was not a certified public accountant nor a bookkeeper. He did such work as was prescribed for him by the superior officers of the garnishee under the direction of the comptroller of the garnishee. If he found any defalcations or apparent defalcations or irregularity he was required to check into those. In checking the inventory the defendant had to move 100 pound bags of popcorn or 500 boxes of popcorn, popcorn boxes or drums of seasoning and boxes of tickets. These duties immediately above mentioned consumed considerable of the defendant's time. We hold that such duties bring the compensation of the defendant within the term "wages" as used in the statute. "Wages" is a generic term and will not be construed to mean menial, manual labor. See "Wages" and many citations in 44 Words and Phrases, 490. The wages thus sought to be garnisheed are not subject to the process of garnishment. The court did not err in directing the verdict against the traverse. *Judgment affirmed. MacIntyre, P.J., and Townsend, J., concur.*

DECIDED DECEMBER 3, 1948.

*Charles W. Anderson,* for plaintiff.
*Durwood T. Pye,* for defendant.